Colfax *v.* Colfax.

----

GEORGE W. COLFAX

*v.*

WILLIAM W. COLFAX and others.

A son, who was also one of the administrators of his father's estate, filed a bill for the specific performance of a contract to convey a house

Colfax *v.* Colfax.

and lot to him, alleged to have been made by his father, in considera
tion of his services.   He made defendants to the bill his brothers and
sisters, as his father's heirs at law, and, also, his father's widow, as a
co-administrator.—*Held*,

(1) That the widow, as an administratrix, represents the creditors,
since the lands in question may be needed to pay decedent's debts,
and hence she is a proper party.

(2) That heirs at law are within the purview of the statute excluding
parties as witnesses where the other parties "sue, or are sued in a
representative capacity," and, consequently, even if the administratrix
were not a proper party, the complainant would not be a competent
witness.

---

Bill for relief.   Question certified by advisory master
John Hopper, esq.

*Messrs. Tuttle & Griggs,* for complainant.

*Mr. Albert Comstock,* for defendants.

THE CHANCELLOR.

The bill is filed to enforce specific performance of a con-
tract which the complainant alleges that his father, William
W. Colfax, deceased, made with him, by which, in consid-
eration of services rendered and to be rendered by the com-
plainant to his father, the latter agreed to convey to him a
certain house and lot in the bill mentioned, and to put the
house in good repair.   The suit is brought against the com-
plainant's brothers and sisters, as heirs at law, and the
widow of the deceased (who died intestate), as one of the
administrators of his estate.   The complainant is the other
administrator.

The complainant, to prove the issue on his part, offers
himself as a witness, and objection is made to his compe-
tency, on the ground that the defendants are sued in a rep-
resentative capacity.   Thereupon he proposes to strike out
the name of the administratrix as a defendant, and proceed
in the cause against the heirs at law alone.   But should he
make such amendment the objection will not be obviated,

for the heirs are to be regarded as being sued in a representative capacity. The statute provides that no party shall be sworn in any case when the opposite party is prohibited by any legal disability from being sworn as a witness, or either of the parties sues or is sued in a representative capacity, except as therein provided. (*Rev. p. 378* § *3.*) The case presented is not within the exception, and it is therefore unnecessary to state the latter.

The proviso was intended to protect the right of those interested in the estates of deceased persons against the substantiation of claims by the oaths of parties prosecuting or defending suits directly affecting the estate. If the claim is by or against the heir as such, he sues or is sued in a representative capacity within the meaning of the law. The mischief is precisely the same where the heir sues or defends as such, as where the executor or administrator sues or is sued. Where the heir is sued for the debt of his ancestor, he is obviously entitled to the benefit of the proviso. It is to be observed that the language of the act does not confine the benefits of the proviso to legal representatives by name, but gives it to such as sue or are sued "in a representative capacity." From this an intention may readily be deduced to extend the benefit to heirs suing or defending in the right of their ancestor. But, further, the object of the legislature in making the proviso, was to guard against the injustice which would arise from a want of mutuality in the exercise of the right to testify in one's own behalf. This would not be done if the benefit of the proviso were withheld from heirs suing or defending in the right of their ancestor.

In this case, the bill alleges, and the claim to relief proceeds upon the ground, that the consideration for the conveyance sought was paid in full to the vendor by services rendered to him. The administratrix is obviously, therefore, not a necessary party in reference to the consideration, for none is to be paid. The only interest she can have in the controversy is in behalf of creditors in view of the fact

that by law the land of the deceased may be sold to pay his debts. But she is a proper party in view of that interest and to be concluded by the decree.  *Pomeroy on Contr.* § *494.*  The complainant is not a competent witness.